IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUDITH LEE ISOM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO CONTINUE<br><br><br><br>Case No. 2:10-CR-1075 TS |

Counsel for Defendant moves to continue the February 28, 2011 trial in order to resolve a state court matter involving Defendant.[1]  The government has stipulated to the continuance.

The Court finds that Counsel has not provided sufficient information for the Court to grant the requested continuance.  The Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time.  A record consisting of only short, conclusory statements lacking in detail is insufficient. . . . Simply identifying an event, and adding the conclusory statement that the event

---

[1] Docket No. 14.

1

requires more time for counsel to prepare, is not enough.[2]

In *United States v. Larson*,[3] the Tenth Circuit has further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. As in *Larson*, in the present case there is no information on "how much time defense counsel need[s] to prepare for trial and what preparations he has already made."[4] Without this type of information, the Court can not "adequately determine whether denying the continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account *the exercise of due diligence*.'"[5] It is therefore

ORDERED that Defendant's Motion to Continue (Docket No. 16) is DENIED WITHOUT PREJUDICE.

DATED February 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2]*United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (footnote and citations omitted).

[3]627 F.3d 1198 (10th Cir. 2010).

[4]*Id*. at 1207.

[5]*Id*. (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)) (emphasis added in *Larson*).